Filed 6/17/24  P. v. Dixon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN HARPER DIXON,<br><br>    Defendant and Appellant. | C099725<br><br>(Super. Ct. No. 23CF03494) |

Appointed counsel for defendant Jonathan Harper Dixon asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

In August 2023, sheriff's deputies stopped defendant while he was driving. Defendant appeared intoxicated and failed field sobriety tests.  Two breathalyzer tests registered a 0.18 percent blood-alcohol content after which defendant was arrested.

1

Defendant was charged with felony driving under the influence of alcohol within 10 years of a felony conviction for driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 1; statutory section citations that follow are found in the Vehicle Code unless otherwise stated); felony driving with a 0.08 percent blood-alcohol content within 10 years of a felony driving under the influence conviction (§ 23152, subd. (b); count 2); and misdemeanor driving when his driving privileges were suspended or revoked for a conviction of driving under the influence (Veh. Code, § 14601.2, subd. (a); count 3). As to count 2, it was further alleged defendant was driving with a blood-alcohol content of 0.15 percent. (Veh. Code, § 23578.) We note that it was also alleged defendant had two prior felony driving under the influence of alcohol convictions in 2019 in case Nos. 19CM01552 and 19F04136. (Veh. Code, § 23152, subd. (a).)

In September 2023, defendant pleaded no contest to count 1. The remaining counts and allegations were dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754). As part of his plea agreement, defendant waived his right to a trial alleging aggravating circumstances and agreed that the court could find aggravating circumstances and sentence him to the lower, middle, or upper term. Based on defendant's plea, the court found defendant in violation of probation in case Nos. 19CM01552 and 19F04136 (defendant's two prior driving under the influence convictions).

In October 2023, the trial court sentenced defendant to prison for an aggregate term of four years four months, as follows: in case No. 23CF03494 the upper term of three years, in case No. 19CM01552 eight months consecutive (one-third the middle term), and in case No. 19F04136 eight months consecutive (one-third the middle term). The court also imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); a corresponding $300 parole revocation fine in each of the three cases (suspended unless parole is revoked) (Pen. Code, § 1202.45); a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)); a $30 criminal conviction assessment fee (Gov. Code, § 70373); a

$460 fine (Veh. Code, § 23550); a $92 court surcharge (Pen. Code, § 1465.7); a $230 state court facilities construction fee (Gov. Code, § 70372, subd. (a)); a $460 state penalty assessment (Pen. Code, § 1464); a $46 DNA identification fund fee (Gov. Code, § 76104.6); a $184 DNA identification fund fee (Gov. Code, § 76104.7); a $322 county penalty assessment (Gov. Code, § 76000); and a $50 alcohol abuse education and prevention penalty (Veh. Code, § 23645). The court also lifted the stay on the previously imposed $300 probation revocation fines (Pen. Code, § 1202.44) in case Nos. 19CM01552 and 19F04136.

Defendant did not obtain a certificate of probable cause for appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

3

                                   _____

                                   HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

BOULWARE EURIE, J.